```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF MISSOURI
                    EASTERN DIVISION


UNITED STATES OF AMERICA,      )
                               )
            Plaintiff,         )
                               )
   vs.                         ) No. 4:11-CR-00011(SNLJ)
                               )
MARRION DOTSON,                )
                               )
            Defendant.         )


                 SENTENCING HEARING

      BEFORE THE HONORABLE STEPHEN N. LIMBAUGH, JR.
            UNITED STATES DISTRICT JUDGE


                 SEPTEMBER 21, 2011


APPEARANCES:

FOR PLAINTIFF:     THOMAS MEHAN
                   OFFICE OF U.S. ATTORNEY
                   111 South Tenth Street, Suite 2000
                   St. Louis, MO  63102
                   (314) 539-2200

FOR DEFENDANT:     BURTON H. SHOSTAK
                   SHOSTAK LAW, LLC
                   8015 Forsyth Boulevard
                   St. Louis, MO  63105
                   (314) 725-3200

COURTROOM CLERK:   LISA HOLWITT

REPORTED BY:       DEBORAH A. KRIEGSHAUSER, FAPR, RMR, CRR
                   Official Court Reporter
                   United States District Court
                   111 South Tenth Street, Third Floor
                   St. Louis, MO  63102
                   (314) 244-7449
```

1       (PROCEEDINGS BEGAN AT 1:00 PM.)

2       THE COURT:  This Honorable Court is in session.  You

3  may be seated.

4       THE COURT:  Good afternoon.  Are you ready to proceed

5  with Mr. Dotson?

6       The first case is *United States of America versus*

7  *Marrion Dotson*.  The Case Number is 11-CR-11.

8       Government is present by Assistant United States

9  Attorney Thomas Mehan.  Defendant's present in person and by

10 counsel, Burton Shostak.

11      Mr. Dotson, this matter is set today for sentencing,

12 you having pled guilty before me several weeks ago.  I

13 received the Presentence Report from the Probation Office.

14 Have you also received a copy of the report, have you read it,

15 and have you gone over it in detail with your lawyer?

16      DEFENDANT DOTSON:  Yes, sir.

17      THE COURT:  All right.  Are there any additions,

18 corrections or objections by the Defendant?

19      MR. SHOSTAK:  None, Your Honor, insofar as the

20 Presentence Report is concerned.  Particularly with regard to

21 that portion that deals with the six levels, --

22      THE COURT:  I'll review the ---

23      MR. SHOSTAK:  -- which the parties did not agree to,

24 it's Paragraph 39, and we say that that's correct, also.  So

25 the end -- the short answer to your question is:  I'll agree

1   to it.

2          THE COURT:  All right.  Any objections by the
3   Government then?

4          MR. MEHAN:  No, sir.

5          THE COURT:  All right.  In that case, the Court will
6   adopt as its findings of fact the factual statements set out
7   in the Presentence Report.

8          I'll review with you specifically the *Sentencing*
9   *Guidelines* calculations.

10         Total Offense Level is 35.  Criminal History Category
11  is 1.  As to Count I, the statute provides up to life in
12  prison.  As to Count II, a minimum of seven years but not more
13  than life which has to be run consecutively and not
14  concurrently to any other term of imprisonment with no
15  probation.

16         The *Guidelines* then provide on Count I 168 to 210
17  months and on Count II 84 months.  Probation's not authorized,
18  and the supervised release period is three to five years.

19         Any objection by the Government?

20         MR. MEHAN:  No, sir.

21         THE COURT:  By the Defendant?

22         MR. SHOSTAK:  No.

23         THE COURT:  Now you did mention that Paragraph 39 is
24  a six-level increase that you do not agree to, but there's no
25  objection to it either, because it seems to the Court that it

1   is applicable in this case.  You're not disagreeing, I take
2   it.
3           MR. SHOSTAK:  I would disagree with the Court with --
4   with regard to that six-level increase because the -- I think
5   the Presentence Report indicates that we disagreed with it
6   then and we disagree with it now and don't think that it ought
7   to apply.  But, obviously, I'll be bound by the Court's
8   judgment in this case.
9           THE COURT:  Why -- Why wouldn't it apply?
10          MR. SHOSTAK:  It wouldn't apply based on the facts,
11  Your Honor; that insofar as this Defendant is concerned, he --
12  he did nothing -- he did nothing that would call for a ransom
13  from those people.  I'm not suggesting to the Court that a
14  ransom wasn't asked for.  I'm suggesting he didn't ask for it,
15  and they're trying to apply it to him.  And I -- I -- I just
16  don't think that it ought to be applied to him.
17          THE COURT:  Mr. Mehan, you want to address that?
18          MR. MEHAN:  Sure, Judge.  I -- I guess we finally
19  settled out on this disagreement.  I -- Initially, I thought
20  he withdrew his objections to the disagreement.  But from the
21  facts of the Plea Agreement the Defendant entered into, he
22  admitted that he with two other individuals were involved in
23  the kidnapping of these two young women.  And they, the
24  kidnappers, asked for $50,000.  It was labeled over $15,000.
25  One female was released and the second one was then released a

```
 1   couple hours later.
 2           And then in the Presentence Report, it reiterates
 3   those exact facts; that these three, the kidnappers, asked for
 4   the money.  The ransom was demanded.  And there was no
 5   objection to those facts.  So the only facts before this Court
 6   are that this Defendant, acting with others, used a firearm,
 7   kidnapped two women, two young women, and a ransom was
 8   demanded.  It's plain and simple.  It's contained in the facts
 9   that he's agreed to.
10           THE COURT:  Yeah.  That's -- That's my recollection,
11   too, from the facts as recited in the Plea Agreement and then
12   recited again in open court and to which the Defendant agreed
13   and admitted.  The six-level increase is warranted.  So I'll
14   overrule the objection to that extent.
15           And in so doing, I'll also adopt as the Court's
16   further findings of fact the Sentencing Guidelines
17   calculations as stated.
18           All right.  What's the Court's -- the Government's
19   recommendation then?
20           MR. MEHAN:  The Government would recommend that we
21   fall within the guideline range -- total guideline range of
22   252 months to 294 months which is the bottom of 168 plus 84
23   and the top of 210 plus 84, and the Court -- the Government
24   would leave it to the Court's discretion within that range.
25           THE COURT:  Of the three co-defendants who are
```

1  involved in the kidnapping, which in the Government's
2  estimation is the most culpable?
3              MR. MEHAN:  It was the -- The plan was instituted by
4  Larry Newman, one of the three who was involved in the ATM
5  Solutions robbery.
6              THE COURT:  Right.
7              MR. MEHAN:  He then hatched this plan and enlisted
8  the aid of Mr. Dotson and of Mr. Kimble who was also aware of
9  the ATM robbery.  We have no information that this defendant,
10 Mr. Dotson, had anything to do with the ATM Solutions robbery
11 or benefited from that robbery.  It was August when that took
12 place.  The kidnapping took place in November when Mr. Newman
13 decided that he -- that he needed some more of the ATM
14 Solutions money that he had not received.  That's when he came
15 up with the idea.
16             Now who detailed the cars and where everybody moved,
17 I do not know, but there's no question that Larry Newman was
18 the one who came up with the idea.  Mr. Dotson was asked to
19 become involved in it and did so.
20             THE COURT:  Right.  I understand all that.  My
21 question is particularly about the kidnapping itself.  In
22 reading the Presentence Report and the Plea Agreement, it
23 appears that the Defendant's main function or role was to
24 drive the car.  Is that right?
25             MR. MEHAN:  Drive the car and be -- and be with the

```
 1   two women while -- two young women while they were kidnapped
 2   and maintain their hostage status, yes, sir.  This defendant
 3   was involved in that.
 4            THE COURT:  All right.  Mr. Shostak?
 5            MR. SHOSTAK:  To my knowledge, I would certainly
 6   agree that this defendant drove the car, but we -- he and I
 7   vehemently disagree with the rest of it.
 8            THE COURT:  All right.  Do you want to make a further
 9   recommendation then on behalf of your client?
10            MR. SHOSTAK:  Well, I'm -- I'm somewhat at a -- at a
11   loss, frankly, Judge, myself, not because of you or Mr. Mehan,
12   as -- as to where we are.  I -- I don't think that -- Again,
13   and I'm -- I'm not trying to rehash anything.  I've said what
14   I've said.  I don't think that that six-level increase
15   applies.  You've ruled on that.  I don't think that this
16   defendant did anything other than drive the car, and I would
17   proffer that to the Court.
18            THE COURT:  All right.  Mr. Dotson, do you want to
19   make any statement?
20            DEFENDANT DOTSON:  Yes, sir.  I did not stay with the
21   girls.  All I did was drove the car, and I didn't even know
22   that they was even going to kidnap nobody.  They misled me
23   into -- I'm helping.  I'm known for helping people, and they
24   know this.  They came to me telling me like they was going to
25   meet -- what is her name -- LaTonya.  They was going to meet
```

1  Latonya to receive some money.  They never told me that they
2  was going to kidnap nobody.  And when we got there, that's
3  when it happened.  And I did not stay there with the women or
4  nothing.  When they kidnapped them, I went and got a hotel
5  room.  I left and went home.  Myron Kimble stayed with them.
6  I dropped Larry off, and Myron Kimble stayed with the girls.
7        THE COURT:  But you admitted at the time you pled
8  guilty that you participated in this kidnapping.
9        DEFENDANT DOTSON:  I -- When I pled guilty, I pled
10 guilty to being there.  I said I was there.
11       THE COURT:  That's -- That's not accurate.  All
12 right.  Do you wish to say anything else then?
13       DEFENDANT DOTSON:  No, sir.
14       THE COURT:  Is there any legal cause or reason why
15 sentence should not now be imposed by the Government?
16       MR. MEHAN:  No, sir.
17       THE COURT:  By the Defendant?
18       MR. SHOSTAK:  Your Honor, if the Court please, I
19 would again, refer the Court to Paragraph 91 in the
20 Presentence Report which, as I understand it, allows 87 months
21 on Count I and 84 months on Count II to run consecutively.
22 I'm not here to tell you -- I'm not, obviously, running from
23 the plea which was made.  What he did he pled to, and what he
24 did was wrong.  There's no question about that.  For it, he
25 got nothing.  For it, he's going to get some time.

1          The kind of sentence that the Government seeks in
2   this case is, in my opinion, extremely high, considering that
3   we're dealing with someone with a Criminal History of 1.  On
4   the other hand, I understand what the law is, and it may --
5   this kind of sentence may just show the cruelty of the law,
6   but it appears to me that the kind of sentence which the
7   Government seeks in this case is out of line and out of
8   proportion with the person who is going to have to do the
9   time.
10          I understand the purpose of the Presentence Report is
11  to give you some indication of who the person is, some feeling
12  of who it is that you're sentencing, and -- and I appreciate
13  that.  I always have and I will, but the fact of the matter is
14  that in spite of the fact of why we're here and in spite of
15  the fact that this is, obviously, a serious matter, he's --
16  This young man is a person that I spent time with, and I guess
17  I would call him a good kid but, obviously, who did something
18  very wrong.
19          It's clear that the report indicates some information
20  about his childhood in Paragraph 111, and I think that the
21  Court should note that when -- when he was caught, he talked
22  to an agent and a member or two members of the St. Louis
23  Police Department in a four-page-plus single-spaced statement.
24  And I think, all things being considered, that if the Court
25  were to give him what I suggested that the Court give him,

1  that it would solve -- that it would satisfy all of the
2  requirements of a sentence.
3         THE COURT:  All right.  Mr. Dotson, at the time you
4  pled guilty, I went through the elements of the offense with
5  you.  And those elements were that the transportation of -- in
6  interstate commerce of an unconsenting person who's held for
7  ransom or reward or otherwise and such acts being done
8  knowingly and willfully, and you admitted to all of those
9  elements.
10        You also admitted, as to Count II, that in connection
11 with the admission of the crime charged in Count I, during and
12 in relation to that violent crime, he or someone else who you
13 were involved with, used or carried or -- used or carried or,
14 in furtherance of that crime, did possess a firearm.  So you
15 admitted all of the elements of both of those crimes at the
16 time that you pled guilty.
17        I understand, though, from reading the Presentence
18 Investigation, though, that your main involvement was as the
19 driver of the vehicle.
20        DEFENDANT DOTSON:  Yes, sir.
21        THE COURT:  That said, you've admitted that you knew
22 you were participating in a kidnapping and that firearms were
23 used.  And I disagree with your lawyer.  That is a serious
24 crime as we have, especially when the victims were two
25 children.

1      MR. SHOSTAK: Your Honor, so the Court is clear, I
2 didn't -- hope the Court didn't get the impression that I
3 didn't think that this was a serious crime.
4      THE COURT: I understand.
5      Pursuant to the Sentencing Reform Act of 1984, the
6 provisions of Title 18, United States Code, Section 3553(a),
7 and all the factors thereunder, and also in view of the
8 sentencing objectives of just punishment, general deterrence
9 and incapacitation, it's the judgment and sentence of the
10 Court that you, Marrion Dotson, is hereby committed to the
11 custody of the Bureau of Prisons to be imprisoned for an
12 aggregate term of 252 months.
13      This term consists of a term of 168 months on Count I
14 and a term of 84 months on Count II to be served consecutively
15 to Count I. Now that's the low end of the guidelines range.
16 I could have given you up to 210 months. I only gave you 168.
17 And the reason for that, as I stated earlier, was that it
18 appears that your involvement was limited to the fact that you
19 drove the car and assisted with these other people in
20 perpetrating these two crimes. So in that respect, I'm giving
21 you lenient treatment.
22      While you're in the custody of the Bureau of Prisons,
23 I recommend that you be evaluated for participation in the
24 Residential Drug Abuse Program and Occupational Educational
25 Program for auto mechanics if those are consistent with the

1  Bureau of Prisons' policies.
2  Now when you're released from imprisonment, I order
3  that you shall be placed on supervised release for a term of
4  three years. This term consists of a term of three years on
5  each of Counts I and II, such terms to run concurrently.
6  Within 72 hours of your release from the custody of
7  the Bureau of Prisons, you shall report in person to the
8  Probation Office in the district to which you are released.
9  Now while you're on supervision, I order that you
10 shall comply with the standard conditions that have been
11 adopted by this Court and the following additional conditions.
12 First, you shall refrain from any unlawful use of a
13 controlled substance and submit to a drug test within 15 days
14 of commencement of supervision and at least two periodic drug
15 tests thereafter for use of a controlled substance.
16 Next, I order that you shall participate in a
17 substance abuse treatment program approved by the Probation
18 Office which may include substance abuse testing, counseling,
19 residential re-entry center placement or residential or
20 in-patient treatment. You shall pay for the costs associated
21 with substance abuse services based on a co-payment fee
22 established by the Probation Office.
23 Next, I order that you shall submit your person,
24 residence, office or vehicle to a search conducted by the
25 Probation Office based upon reasonable suspicion of contraband

1   or evidence of a violation of a condition of release and that
2   you shall warn any other residents that the premises may be
3   subject to searches pursuant to this condition.
4          Next, I order that you shall participate in
5   educational services programs as directed by the Probation
6   Office.  That may include GED preparation and other classes
7   designed to improve your proficiency and skills, such as
8   reading and writing, and, again, that you shall pay for the
9   costs associated with the services based on a co-payment fee.
10          Next, I order that you shall participate in a
11  co-vocational services program which may include job readiness
12  training and skills development training as directed by the
13  Probation Office and, again, that you shall pay for the costs
14  associated with the services based on a co-payment fee.
15          Finally, I order that you shall participate in a
16  cognitive behavioral treatment program as directed by the
17  Probation Office and, again, you shall pay for the costs
18  associated with the services based on a co-payment fee.
19          The Court finds that you do not have the ability to
20  pay a fine.  It's further ordered that you shall pay to the
21  United States a special assessment of $100 on each of Counts I
22  and II, for a total of $200, that shall be due immediately.
23          Mr. Dotson, I have to advise you:  You have a right
24  to appeal from this sentence within 14 days from this date.
25  Failure to appeal within the 14-day period will be a waiver of

```
 1   your right to appeal.  You're also advised that you're
 2   entitled to assistance of counsel in taking an appeal and if
 3   you're unable to afford a lawyer, one will be provided for you
 4   and, if you so request, the Clerk of the Court will prepare
 5   and file a Notice of Appeal on your behalf.  Do you understand
 6   you have that right to appeal then?
 7            DEFENDANT DOTSON:  Yes.
 8            THE COURT:  Okay.  Do you have any questions?
 9            MR. SHOSTAK:  No questions, Your Honor.
10            THE COURT:  Anything further from the Government
11   then?
12            MR. MEHAN:  No, sir.
13            THE COURT:  Anything further from Mr. Dotson?
14            MR. SHOSTAK:  No.
15            THE COURT:  All right.  I hope that you'll use your
16   time while you're incarcerated to get some more education,
17   vocational training, get whatever drug problem you might have
18   under control, get your life back in order so when you're
19   finally released, you can be a useful and productive citizen.
20            All right.  Good luck, sir.
21            (Hearing adjourned at 1:20 PM.)
22
23
24
25
```

CERTIFICATE

I, Deborah A. Kriegshauser, Registered Merit Reporter and Certified Realtime Reporter, hereby certify that I am a duly appointed Official Court Reporter of the United States District Court for the Eastern District of Missouri.

I further certify that the foregoing is a true and accurate transcript of the proceedings held in the above-entitled case and that said transcript is a true and correct transcription of my stenographic notes.

I further certify that this transcript contains pages 1 through 14 inclusive and that this reporter takes no responsibility for missing or damaged pages of this transcript when same transcript is copied by any party other than this reporter.

Dated at St. Louis, Missouri, this 21st day of December, 2011.

_____

/s/ Deborah A. Kriegshauser

DEBORAH A. KRIEGSHAUSER, FAPR, RMR, CRR

Official Court Reporter